OPINION OF THE COURT
David B. Saxe, J.
Ms. Lucille Kashdan-Wallerstein is a litigious person. On August 11, 1982, the twelfth action commenced by her since January, 1982 in the Manhattan Small Claims Court was heard before me. In this case, Ms. Kashdan-Wallerstein sued Georgia J. Malone, Esq., an attorney associated with the law firm of Finkelstein, Borah, Schwartz, Altschuler and Goldstein, P. C. (Finkelstein firm). It appears that Ms. Malone had represented the Finkelstein firm which was the attorney of record for the Martha Washington Hotel in an eviction action against Ms. Kashdan-Wallerstein, who was a tenant there. Ms. Kashdan-Wallerstein was evicted after the petitioner had obtained a final judgment of possession. She has now sued Ms. Malone for “false entry and false statement on the petition” and unlawful eviction. I conducted a fairly lengthy trial, and state now as I did on the record, that I do not have the slightest idea of the nature of Ms. Kashdan-Wallerstein’s claim. In the interest of doing substantial justice (NY City Civ Ct Act [CCA], § 1804) however, I gave her ample time to *624 refresh her memory and in all respects tried to draw out from her during the trial, a kernel of fact that might sustain some cause of action, no matter how esoteric. The result, simply put, is that Ms. Kashdan-Waller stein has no claim. She apparently took umbrage at what she perceived to be Ms. Malone’s vigor and “personal stance” in prosecuting the case. For her part, Ms. Malone testified that “she didn’t do anything but try the case”. I believe her. She has appeared before me on numerous occasions and I find her a determined but fair advocate. Judgment for the defendant. No costs.
At the conclusion of the trial, I was advised however, by one of the Small Claims Court personnel that the claimant is a frequent litigator in the Small Claims Court. I inquired further and was furnished with cards for 11 other actions begun there by Ms. Kashdan-Wallerstein since January, 1982. Most have been brought against lawyers — some of whom it appears never represented her.
Two suits were started against executives of the Martha Washington Hotel, where Ms. Kashdan-Wallerstein formerly resided. One suit alleged verbal abuse in the lobby, the others hinted at some threatened eviction for other reason. A latter suit against a bank officer alleged unauthorized “freezing and seizing” of a passbook. Thereafter she sued an individual associated with a bank claiming a failure to release certain financial information that she was entitled to obtain.
The result of all these actions is that she has not succeeded in any one of them. Several have been dismissed as time barred. In a few, the complaint has been dismissed after trial, judgment for the defendant has been granted on two cases, one was dismissed because Ms. Kashdan-Wallerstein did not appear and one was discontinued with prejudice.
In sum, Ms. Kashdan-Waller stein has been a most unsuccessful litigant. But, this lack of success has not deterred her from commencing new actions!
It is clear that her actions are totally without merit and in a few instances are brought for what appears to be a need to rehash details of a litigation that is over.
*625 This situation should not be allowed to continue. Section 1810 of the CCA provides for limitations on an individual’s right to resort to small claims procedures. It states: “§1810. Limitation on right to resort to small claims procedures. If the clerk shall find that the procedures of the small claims part are sought to be utilized by a claimant for purposes of oppression or harassment, as where a claimant has previously resorted to such procedures on the same claim and has been unsuccessful after the hearing thereon, the clerk may in his discretion compel the claimant to make application to the court for leave to prosecute the claim in the small claims part. The court upon such application may inquire into the circumstances and, if it shall find that the claim has already been adjudicated, or that the claim is sought to be brought on solely for purposes of oppression or harassment and not under color of right, it may make an order denying the claimant the use of the small claims part to prosecute the claim.”
This section appears to require first that the procedures of the Small Claims Part are sought to be utilized by a claimant for purposes of oppression or harassment. I find that Ms. Kashdan-Wallerstein’s successive and meritless actions squarely fit an objective notion of harassment. (See 28 NY Jur, Injunctions, § 116.) The statute appears to give an example of such conduct: repeated resort to small claims procedures on the same claim, but that example is by no means meant to be exclusive (McKinney’s Cons Laws of NY, Book 1, Statutes, § 239). Under the terms of the statute however, the clerk of the court is the party required to institute the procedures under section 1810 of the CCA. If the clerk has not yet acted, may a Judge of this court, without the intervention of the clerk order the limitation under section 1810 or alternatively may a Judge direct the clerk to act according to the strictures of this section? I hold that the court may direct both procedures in the alternative.
It is clear that a Judge of a court has the right and the duty to supervise the course of litigation that is before the court. More precisely, the role of the judiciary is to see to it that justice is administered properly and that the processes of the law are not abused. To hinder an individual’s access *626 to the court system is not something to be undertaken lightly however. (See, generally, Boddie v Connecticut, 401 US 371.) But, the right that an individual has to redress wrongs in a court forum does not extend to the maintenance and institution of baseless claims that have no purpose other than harassment and oppression.
Ms. Kashdan-Wallerstein’s claims fall into this category. Section 1810 of the CCA provides a legitimate procedure for the cessation of such suits.
I have determined that on the basis of the foregoing that a Judge of this court has the authority to invoke section 1810 directly. The salutary purpose of the section would be impeded otherwise. I therefore order the clerk of this court to direct the clerk of the Small Claims Part to refuse to permit Ms. Kashdan-Wallerstein to institute any further suits for a period of one year from this date without review of such proposed action by the Judge then presiding in the Small Claims Part. This will, it is hoped, remove the threat of further baseless actions.
But, it is not necessary for this limitation to exist forever. I shall limit its invocation for a period of one year. After that time, Ms. Kashdan-Wallerstein is free to resume her unimpeded access to the Small Claims Court but the clerk shall be directed to periodically review any actions instituted by her.